FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARAYNA G.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:20-CV-03217-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS <br><br> **ECF Nos. 16, 19** |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 19. Attorney D. James Tree represents Marayna G. (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on March 8, 2018, alleging disability since March 15, 2014 due to social anxiety and depression. Tr. 15, 47, 134-49. The applications were denied initially and upon reconsideration. Tr. 74-77, 81-83. Administrative Law Judge (ALJ) H. Howard Prinsloo held a hearing on April 30, 2020, Tr. 29-46, and issued an unfavorable decision on May 20, 2020. Tr. 12-28. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on September 25, 2020. Tr. 1-6. The ALJ's May 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 23, 2020. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or

if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On May 20, 2020 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 12-28.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 8, 2018, the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: affective disorder and anxiety disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.*

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a full range of work at all exertional levels. In terms of nonexertional limitations, the ALJ found that "[Plaintiff] is limited to simple, routine tasks and superficial interpersonal interaction." Tr. 19.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 22.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of industrial cleaner, laundry worker II, and kitchen helper. Tr. 23.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed, March 8, 2018,[3] through the date of the decision. Tr. 23.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ properly

---

[3] Although Plaintiff's alleged onset date of disability is in 2014, payment of SSI benefits is first made the month after the month initial eligibility is met; and the earliest Plaintiff would receive benefits if found disabled is the month following the month she filed her current SSI application. *See* 20 C.F.R. §§ 416.203, 416.330; SSR 83-20.

assessed Plaintiff's physical disorders and conducted a proper step-two analysis; (3) whether the ALJ conducted a proper step-three analysis; (4) whether the ALJ properly evaluated Plaintiff's symptom complaints; and (5) whether the ALJ erred by failing to consider the lay witness evidence.

## DISCUSSION

### A. Medical Opinions

Plaintiff contends the ALJ erred by not properly assessing the medical opinions of D. Brown, D.O., Bridget Beachy, Psy.D., and Tasmyn Bowes, Psy.D. ECF No. 16 at 11-18.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01, (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings. *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how he or she considered the other factors, but is not required to

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The Ninth Circuit recently addressed the issue of whether the new regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

*1. Dr. Brown*

In November 2019, Plaintiff's treating physician, Dr. Brown, completed a medical source statement on Plaintiff's behalf and provided an opinion on her level of functioning. Tr. 324-25. Dr. Brown indicated Plaintiff's diagnoses include chronic tension headaches, anxiety, and bronchitis. Tr. 324. He opined that that if she attempted to work a 40-hour week it was more probable than not that she would miss two or more days of work a month due to medical impairments; he explained "physical stress or emotional stress would likely cause some headaches that make work difficult." Tr. 325.

The ALJ found Dr. Brown's opinion unpersuasive. Plaintiff argues the ALJ erred in his assessment of Dr. Brown's opinion, including misconstruing his opinion, failing to discuss her medically determinable impairments of headaches, and concluding there was not objective medical evidence of physical impairments when Dr. Brown's opinion is supported by objective findings in his treatment notes. ECF No. 16 at 13-14. Defendant argues the ALJ reasonably found the opinion unpersuasive under the new regulations and his interpretation of the evidence was reasonable. ECF No. 19 at 13-15.

The Court finds that the ALJ's conclusions are not supported by substantial evidence. First, the ALJ discounted Dr. Brown's opinion because the record does not support his opinion and Plaintiff did not testify to any physical problems. Tr. 21. The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. § 416.920c(c)(2). Here, Dr. Brown's treatment records show diagnosis and treatment for chronic tension headaches including medication and osteopathic manipulation therapy throughout 2019 into 2020. *See, e.g.*, Tr. 389, 392, 403, 431. Plaintiff notes that the issue of her headaches was also raised at the hearing. ECF No. 16 at 13 (citing Tr. 33). The ALJ's conclusion that Dr. Brown's opinion was not persuasive because the record

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

does not support Dr. Brown's opinion and Plaintiff did not testify to physical problems is not supported by substantial evidence.

The ALJ also found there is no objective evidence to support any severe physical impairment or related limitation. Tr. 21. The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). In his medical source statement, Dr. Brown noted findings including right sided muscle tension and tenderness; his treatment notes also show findings of muscle tension upon physical exam, and he indicated her chronic headaches were considered primarily musculoskeletal related. Tr. 324; *see, e.g.*, Tr. 399, 404. Treatment included regular osteopathic manipulation by Dr. Brown and colleagues, and his diagnoses include tension headache and somatic dysfunction of the cervical, thoracic, and head regions. Tr. 404. The ALJ's finding that there was no objective evidence to support any physical impairment or related limitation is not supported by substantial evidence.

The ALJ also found Dr. Brown's opinion unpersuasive because Plaintiff "has remained active including caring for her daughter and caretaking for her grandmother." Tr. 21. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). Plaintiff points out, however, that she testified to limited caregiving activities, such as making sure that her grandmother ate; and records show that Plaintiff reported she regularly got her child off to school and returned to bed for the day, and that her daughter had started doing chores for her. Tr. 247. Dr. Brown also notes her symptoms were episodic and aggravated by physical and emotional stress. Tr. 324-25. The ALJ did not provide any analysis of how these activities were inconsistent with Dr.

Brown's opinion and, on this record, the ALJ's findings are not supported by substantial evidence.

Upon remand the ALJ is instructed to reconsider the persuasiveness of Dr. Brown's opinion and incorporate the opinion into the RFC or give reasons supported by substantial evidence to reject the opinion.

*2. Dr. Beachy*

In June 2017, September 2017, February 2018, and February 2019, Dr. Beachy completed Documentation Request for Medical or Disability Condition forms on Plaintiff's behalf for Washington State DSHS. Tr. 280, 296, 307, 351-53. She noted Plaintiff's diagnosis of depression and anxiety and opined Plaintiff would be limited to one to ten hours a week of working, looking for work, or preparing for work. Tr. 280, 296, 307, 351.

In November 2019, Dr. Beachy also completed a mental source statement form. Tr. 320-23. She indicated Plaintiff had mild limits in her ability to understand, remember, and carry out very short and simple instructions, and moderate, marked, and severe limitations in numerous other mental activities. Tr. 320-21. She opined Plaintiff had severe limits in her ability to maintain attention and concentration for extended periods, to perform activities within a schedule and to maintain regular attendance and be punctual within customary tolerances, to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and in her ability to accept instructions and respond appropriately to criticism from supervisors, and to set realistic goals or make plans independently of others. *Id.*

Dr. Beachy further indicated Plaintiff had marked limitation in her ability to understand, remember, and apply information, and to interact with others; and extreme limitation in her ability to concentrate, persist, and maintain pace, and to

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

adapt and manage herself. Tr. 322. She indicated Plaintiff met the "C" criteria of the mental listings. *Id.* She also indicated Plaintiff would likely be off task 30 percent of a 40-hour work week and would likely miss more than four workdays a month. *Id.* She noted Plaintiff had been working with her since February 2017. Tr. 323. She opined Plaintiff has "very treatment resistant depression and anxiety. Her symptoms persist despite individualized and targeted treatment plans." *Id.* The ALJ found Dr. Beachy's opinions unpersuasive. Tr. 21.

As the claim is being remanded for reconsideration of Dr. Brown's opinion, the ALJ shall also reconsider Dr. Beachy's opinions, taking into consideration the factors as required by the regulations and considering the record as a whole.

*3. Dr. Bowes*

In April 2018 Dr. Bowes conducted a psychological/psychiatric evaluation with Plaintiff on behalf of Washington State DSHS. Tr. 246-59. Dr. Bowes diagnosed Plaintiff with social anxiety disorder and persistent depressive disorder, currently chronic major depression, severe. Tr. 249. Dr. Bowes opined Plaintiff had numerous severe and marked limitations in her ability to perform work related activities. Tr. 249. Dr. Bowes opined the overall severity of Plaintiff's mental health impairments was marked, and she would be so impaired for 12 months; and that vocational training or services would minimize or eliminate barriers to employment. Tr. 250.

As the claim is being remanded for reconsideration of the opinions of Dr. Brown and Dr. Beachy, the ALJ shall also reassess the opinion of Dr. Bowes, along with any other medical opinions and prior administrative medical findings, setting forth an analysis of the consistency and supportability of these opinions as required by the regulations.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

**B. Step Two**

Plaintiff contends the ALJ erred at step two by failing to discuss Plaintiff's headaches in the decision and in finding her obesity nonsevere. ECF No. 16 at 3-6. At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(4)(ii). A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling (SSR) 85-28 at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1522, 416.922; SSR 85-28.[4] The step-two analysis is "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

Plaintiff contends that the ALJ erred by failing to mention or discuss headaches in the decision, despite records showing diagnosis and treatment for

---

[4] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

chronic headaches, along with treating provider Dr. Brown's opinion that Plaintiff would miss two or more days of work a month due to medical impairments including headaches. ECF No. 16 at 3-4; *see* Tr. 15-24, 324-25. Plaintiff points out that SSR 19-4p, the Agency's guidance on how to evaluate primary headache disorders, recognizes several forms of primary headache disorders including tension headaches, and argues that as records show this impairment was diagnosed and treated by Dr. Brown, the ALJ erred in failing to mention or discuss this impairment in the decision, because the RFC only considers medically determinable impairments. ECF No. 16 at 3-4; SSR 19-4p, *Evaluating Cases Involving Primary Headache Disorders*, 2019 WL 4169635 (Aug. 26, 2019).

    As the case is being remanded to reconsider the medical opinion evidence, upon remand the ALJ is instructed to perform the sequential analysis anew, including reevaluating Plaintiff's medically determinable impairments and whether they are severe at step two.

**C. Step Three**

    Plaintiff argues the ALJ also erred in making inadequate step three findings. ECF No. 16 at 18-20. At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d). Here, the ALJ found Plaintiff's impairments or combination of impairments did not meet or equal any listings, including listing 12.04 and 12.15. Tr. 18-20.

As this case is being remanded for the ALJ to reassess the medical opinion evidence and to perform the sequential analysis anew, the ALJ shall also reassess whether any of Plaintiff's impairments meet or equal a listing at step three.

**D. Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly assessing Plaintiff's subjective complaints. ECF No. 16 at 6-11. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not consistent with the medical evidence and other evidence in the record. Tr. 19-20. The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to reassess the medical opinion evidence and perform the sequential analysis anew, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims

in the context of the entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**E. Lay Witness Evidence**

Plaintiff contends the ALJ erred by failing to consider the third-party statement of Plaintiff's mother, Mary. ECF No. 16 at 21. As the case is being remanded for the ALJ to reconsider the medical opinion evidence, and to perform the five-step analysis anew, the ALJ is also instructed to consider all lay witness statements.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination.

The ALJ's decision is not supported by substantial evidence and not free of harmful error. On remand, the ALJ shall reevaluate the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, reassess the medical opinion evidence and plaintiff's subjective complaints, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED December 2, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE